IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-03007-PAB

STEPHEN J. KLEMEN, JR., and
SAM INVESTMENTS, INC.,

      Plaintiffs,

v.

ERNEST MYERS,
VIRGINIA MYERS, and
M&M GRAIN AND PRODUCE, LLC,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on review of the docket. Plaintiffs

assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at

2, ¶ 12.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See*

*Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628

F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court

may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the

Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 12.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

"For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a

person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of plaintiff Stephen Klemen and the citizenship of defendants are not well-pled.  The complaint states that plaintiff Stephen Klemen is "an individual residing in Wisconsin."  Docket No. 1 at 1, ¶ 2.  The complaint states that defendants Ernie Myers and Virginia Myers are "resident[s] of Colorado."  *Id*. at 2, ¶¶ 8-9.  The complaint states that defendant M&M Grain and Produce, LLC has, on information and belief, two members, Ernie Myers and Virginia Myers.  *Id*., ¶ 11.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can

reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Furthermore, the Court reads plaintiffs' averment "[o]n information and belief" to mean that plaintiffs do not have affirmative knowledge of all the members of M&M Grain and Produce, LLC.  Such an allegation, therefore, cannot confer subject matter jurisdiction over this case.  *See W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-cv-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (finding allegations of citizenship of LLC members based "[u]pon information and belief" insufficient to confer subject matter jurisdiction); *Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same").

Because the allegations regarding Mr. Klemen's and defendants' citizenship are not well-pled, the Court is unable to determine whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).

It is therefore

5

**ORDERED** that, on or before **February 16, 2023**, plaintiffs shall show cause

why this case should not be dismissed due to the Court's lack of subject matter

jurisdiction.

DATED February 6, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge